IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIMMY STEVENS,

    Petitioner,

v.

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:16-cv-901
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On June 4, 2018, the Magistrate Judge issued a Report and Recommendation recommending that the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 17.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 24.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted *a de novo* review. For the reasons that follow, Petitioner's Objection (ECF No. 24) is **OVERRULED**. The Report and Recommendation (ECF No. 17) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**. Petitioner's request for an evidentiary hearing is **DENIED**.

The Court **GRANTS** a certificate of appealability as discussed below.

Petitioner challenges his convictions after a jury trial in the Morgan County Court of Common Pleas on murder, felonious assault, tampering with evidence, theft of an automobile, and having weapons under a disability, with firearm specifications. He was also found to be a repeat offender. As his sole claim for relief, Petitioner asserts that he was denied a fair trial because Noah Matthews, who sat on the jury, failed to disclose, in response to a question by defense counsel during *voir dire*, that his sister had been murdered by Petitioner's cousin. The

Magistrate Judge recommended dismissal of this claim on the merits. Petitioner objects to that recommendation.

Petitioner raises all of the same arguments he previously presented. Petitioner argues that the record shows that Matthews was biased against him, pointing out that although the trial court admonished the jury to be honest in their responses to questions during *voir dire* (*see Transcript*, ECF No. 8-3, PAGEID # 462-63), Matthews deliberately did not respond when asked whether he had a family member who had been the victim of a violent offense, later indicating that he thought he did not need to do so. Petitioner again argues that Matthews' denial of bias is not credible, particularly in view of Matthews' statements at his sister's sentencing hearing. (*See* ECF No. 8-2, PAGEID # 431.) Referring to *Ham v. South Carolina*, 409 U.S. 524, 532-33 (1973) (holding that the trial court's refusal to question jurors regarding potential racial bias denied the defendant a fair trial), Petitioner asserts that he was denied due process because he was unable to establish Matthews' bias during *voir dire* when Matthews failed to respond to the question indicating that his sister had been murdered. Petitioner additionally argues that the record reflects implied bias, that he is entitled to relief on such basis, and that the findings of the state court are "fanciful and farcical" and should not be provided deference in these proceedings. (*Objection*, ECF No. 24, PAGEID # 1289.)

However, as discussed by the Magistrate Judge, this Court reviews Petitioner's claim under a "doubly deferential" standard of review as set forth under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and accords the "special deference" afforded to a trial court's determination regarding issues of juror credibility and impartiality. *See Lang v. Bobby*, No. 5:12-cv-2923, 2015 WL 1423490, at *43 (N.D. Ohio Mar. 27, 2015) (citing *Darden v. Wainwright*, 477 U.S. 168, 176-77 (1986)); *Patton v. Yount*, 467 U.S. 1025, 1038 (1984)). "The

2

question is not whether the trial judge was wrong or right in his determination of impartiality, but merely whether his decision was 'fairly supported by the record.'" *Group v. Robinson*, 158 F.Supp.3d 632, 661-62 (N.D. Ohio 2016) (quoting *Bowling v. Parker*, 344 F.3d 487, 519 (6th Cir. 2003)). A trial court is entitled to resolve any ambiguity in favor of the State. *Id.* (citing *Uttecht v. Brown*, 551 U.S. 1, 7 (2007)).

Applying this standard of review, this Court is not persuaded that Petitioner has established he is entitled to relief. Petitioner does not allege, and the record does not reflect, any personal relationship or bias on the part of Matthews. (*See* PAGEID # 1217-18.) Matthews denied being biased, stated that he did not respond to the question at issue because he thought that answering was voluntary, and agreed to follow the instructions of the trial judge. (PAGEID # 1206, 1216-19.) The trial court explicitly found, after conducting a hearing, that there was "no basis for a cause challenge and that any nondisclosure of material information by Noah Matthews did not prejudice the Defendant in any manner." (*Journal Entry*, ECF No. 8-1, PAGEID # 143.) Petitioner has failed to rebut the presumption of correctness afforded to these factual findings. 28 U.S.C. § 2254(e)(1). Further, and even assuming that the doctrine of implied bias is still viable (*see Johnson v. Luoma*, 425 F.3d 318, 326 (6th Cir. 2005) (questioning the continued application of the doctrine after the Supreme Court's decision in *Smith v. Phillips*, 455 U.S. 209, 222 (1982)), the record nonetheless does not reflect relief is warranted on this basis.

> "The doctrine of presumed or implied, as opposed to actual, bias provides that, in certain 'extreme' or 'exceptional' cases, courts should employ a conclusive presumption that a juror is biased." *United States v. Frost*, 125 F.3d 346, 379 (6th Cir. 1997) (citations omitted). A finding of implied bias is appropriate only "where the relationship between a prospective juror and some aspect of the litigation is such that it is highly unlikely that the average person could remain impartial in his deliberations under the circumstances." *Person v. Miller*, 854 F.2d 656, 664 (4th Cir. 1988) (rejecting a white supremacist group's claim of implied

3

> bias on the part of all potential black jurors in a criminal contempt proceeding to enforce an injunction against the operation of a paramilitary organization). Examples given in a concurring opinion by Justice O'Connor illustrate the extreme situations that might result in implied bias. They are "that the juror is an actual employee of the prosecuting agency, that the juror is a close relative of one of the participants in the trial or the criminal transaction, or that the juror was a witness or somehow involved in the criminal transaction." *Smith v. Phillips*, 455 U.S. 209, 222, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982) (O'Connor, J., concurring).

*Id.* The record does not reflect such circumstances here. Moreover, the United States Court of Appeals for the Sixth Circuit has held that "the implied bias doctrine is not clearly established for the purposes of § 2254" and therefore does not provide a basis for relief. *See Cutts v. Smith*, 630 F. App'x 505, 508-09 (6th Cir. Nov. 2015).

For these reasons, and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 24) is **OVERRULED**. The Report and Recommendation (ECF No. 17) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**. Petitioner's request for an evidentiary hearing is **DENIED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —U.S.—. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

4

'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is persuaded that Petitioner has met this standard here. Therefore, the Court **GRANTS** the certificate of appealability, and certifies the following issue for appeal:

> Was Petitioner denied a fair trial based on Matthews' failure to disclose during *voir dire* that his sister had been murdered by Petitioner's cousin?

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

9-20-2018
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

5